[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10250
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cv-00605-CEM-GJK

PATRICIA KENNEDY,
Individually,

Plaintiff - Appellant,

versus

RHODA SOLANO,
a.k.a. Rhoda Solano-Brennan,
SOLANO ENTERPRISES, INC.,
a Florida Corporation d.b.a. Sunset Cafe,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 29, 2018)

Before WILSON, JORDAN and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff/Appellant, Patricia Kennedy ("Kennedy"), filed suit against Appellees/Defendants, Rhoda Solano and Solano Enterprises, Inc., d/b/a Sunset Café ("Sunset Café"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*., because Sunset Café failed to make its place of public accommodation readily accessible to and usable by individuals with disabilities. Sunset Café moved the district court to dismiss Kennedy's complaint because the court lacked subject matter jurisdiction. Specifically, Sunset Café argued that Kennedy does not have standing to assert her ADA claim because she fails to articulate a definite plan to return to the Sunset Café in the near future. The district court granted Sunset Café's motion to dismiss, and Kennedy appeals. After reading the parties' briefs and reviewing the record, we affirm the order dismissing Kennedy's complaint.

## I. BACKGROUND

As both a patron and a tester, Kennedy visited the Sunset Café for the first time on February 15, 2017. Kennedy traveled approximately 170 miles from her home to the restaurant. Kennedy uses a wheelchair to ambulate, and due to access barriers at the Sunset Café, she claims that she suffered discrimination because she

2

was deprived of the equal enjoyment of Sunset Café's goods and services. Specifically, she alleged that one of the handicapped parking spaces was missing a sign; for the other parking space, the sign was too low to see if a car was parked in the space; the access aisle was un-level and impeded by a ramp; in the restroom, the commode was inaccessible because the flush valve was on the wrong side and the rear grab bar was missing; the sink had exposed pipes; and there was no lowered section at the bar for a person in a wheelchair to be served. (Plaintiff's Affidavit, DE 16-1, ¶ 4.)

Kennedy filed her ADA complaint on April 5, 2017, seeking injunctive relief and attorney's fees. After the Sunset Café filed its motion to dismiss based on Kennedy's lack of standing, Kennedy responded that she returned to the Sunset Café on May 8, 2017, and that she plans to return to the Sunset Café in the near future. The district court dismissed the complaint with prejudice, noting that although Kennedy travels along the Florida East Coast frequently and returned to the Sunset Café after filing her complaint, she does not have standing to sue. "In reviewing a district court's dismissal of a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, we review the district court's legal conclusions *de novo*, including the court's conclusion concerning standing." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).

3

## II. ANALYSIS

Kennedy must satisfy three requirements to have standing under Article III of the Constitution: (1) "injury-in-fact"; (2) "a causal connection between the asserted injury-in-fact and the challenged action of the defendant"; and (3) "that the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir.2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136 (1992)).  In the ADA context, when seeking prospective injunctive relief, a plaintiff must also plausibly show that she will suffer disability discrimination by the defendant in the future.  *Houston*, 733 F.3d at 1328–29.  This means that the threat of future injury must be "real and immediate—as opposed to . . . merely conjectural or hypothetical."  *Id.* at 1329 (quoting *Shotz*, 256 F.3d at 1081).  In *Lujan v. Defenders of Wildlife*, the Supreme Court explained that to establish successfully a future injury, a plaintiff must demonstrate more than an intent to return to the place responsible for the initial injury.  504 U.S. at 563–64, 112 S. Ct. at 2137.  The Court elaborated that "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."  *Id.* at 564, 112 S. Ct. at 2138.

4

As the district court correctly found, Kennedy has not shown that she will suffer an actual or imminent injury in the future.  First, Kennedy lives 170 miles from the Sunset Café, which is not a close proximity.  Second, Kennedy's past patronage of the Sunset Café does not weigh in her favor because at the time she initiated this action, she had only patronized the café once.  Although she visited the restaurant a second time after she filed suit, courts determine standing at the time of filing; thus, the second visit is immaterial.  *Cf. Houston*, 733 F.3d at 1336 (finding that plaintiff's past patronage of the business helped establish standing because he did return to the property before filing his lawsuit).  Third, Kennedy fails to allege a definitive time to return to the Sunset Café.  She avers that she intends to return to the restaurant in the future when it is ADA compliant, but these conclusory allegations contain no concrete plan regarding her return.  Additionally, although Kennedy alleges that she travels frequently in the vicinity of the Sunset Café, based on the totality of her allegations and the factors we consider for standing, Kennedy has not met her burden to show a plausible threat that she will face future discrimination at the Sunset Café.  Hence, absent standing, Kennedy cannot seek prospective injunctive relief against the Sunset Café.

Accordingly, for the aforementioned reasons, we affirm the district court's order dismissing Kennedy's ADA complaint with prejudice.

**AFFIRMED**.